UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DONALD RANDALL KEEFER,<br><br>Defendant-Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Plaintiff-Respondent. | Case Nos.  3:23-cv-00382-BLW<br>                  3:22-cr-00081-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Before the Court is Donald Randall Keefer's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Dkt. 49 in Crim. Case No. 3:22-cr-00081-BLW and Dkt. 1 in Civ. Case No. 3:23-cv-00382-BLW) and the Government's Motion to Dismiss and Answer (Dkt. 3 in Civ. Case). Keefer has not filed a response to the Motion to Dismiss. The Court has reviewed the record and the submissions of the parties. For the reasons set forth below, the Court dismisses the § 2255 Motion.

## BACKGROUND

On April 19, 2022, an Indictment was filed charging Keefer with one count of unlawful possession of a firearm in violation of 18 U.S.C. § 922(g)(1) having

**MEMORANDUM DECISION AND ORDER - 1**

been convicted on March 8, 2018, in state court of felony possession of a controlled substance. The firearm was a .40 caliber Glock model 22 (G22) firearm. *Indictment*, Crim. Dkt. 1. The charge arose out of a March 30, 2022, traffic stop during which officers found in Keefer's possession hypodermic needles, a Fentanyl tablet, approximately 14 grams of methamphetamine along with the loaded firearm (which had been reported stolen a month earlier) and two loaded Glock magazines. *PSR* at ¶ 6, Crim. Dkt. 35.

On September 1, 2022, Keefer entered a plea of guilty pursuant to a written plea agreement before a Magistrate Judge. *Min. Entry*, Crim. Dkt. 27; *Plea Agreement*, Crim. Dkt. 23. On October 10, 2022, the Court entered an Order adopting the Magistrate Judge's Report and Recommendation finding that Keefer's plea was knowing and voluntary. *Report and Recommendation*, Crim. Dkt. 28; *Order*, Crim. Dkt. 29. On February 6, 2023, the Court imposed a sentence of 37 months. *Min. Entry*, Crim. Dkt. 47; *Judgment*, Crim. Dkt. 48. On August 24, 2023, Keefer timely filed his pending § 2255 claiming that the statute of conviction, 18 U.S.C. § 922(g)(1), is unconstitutional in light of *New York Rifle and Pistol Association v. Bruen*, 597 U.S. 1 (2022).

## STANDARD OF LAW

Title 28 U.S.C. § 2255 provides four grounds on which a federal court may grant relief to a federal prisoner who challenges the imposition or length of his

incarceration: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence is otherwise "subject to collateral attack." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing § 2255 Proceedings provides that a court must dismiss a § 2255 motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." "Under this standard, a district court may summarily dismiss a § 2255 motion only if the allegations in the motion, when viewed against the record, do not give rise to a claim for relief or are 'palpably incredible or patently frivolous.'" *United States v. Withers*, 638 F.3d 1055, 1062-63 (9th Cir. 2011) (citation omitted).

The court may also dismiss a § 2255 motion at various stages, including pursuant to a motion by respondent, after consideration of the answer and motion, or after consideration of the pleadings and an expanded record. *See* Advisory Committee Notes following Rule 8 of the Rules Governing Section 2254 Proceedings incorporated by reference into the Advisory Committee Notes following Rule 8 of the Rules Governing Section 2255 Proceedings.

**MEMORANDUM DECISION AND ORDER - 3**

If the court does not dismiss the proceeding, the court then determines under Rule 8 whether an evidentiary hearing is required. The court need not hold an evidentiary hearing if the issues can be conclusively decided on the basis of the evidence in the record. *See Frazer v. United States*, 18 F.3d 778, 781 (9th Cir. 1994).

## DISCUSSION

Keefer claims *Bruen* rendered 18 U.S.C. § 922(g) unconstitutional on Second Amendment grounds. The Government contends that the § 2255 Motion should be dismissed on the grounds that the Plea Agreement contained a valid waiver of the right to challenge his conviction or sentence, that Keefer should have raised his Second Amendment challenge on direct appeal, and that it should be denied on the merits on the grounds that the *Bruen* decision is not applicable to him. The Court will address each claim in turn.

A.   **Waiver**

A defendant may waive his statutory right to file a § 2255 motion challenging his sentence. *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir.), *cert. denied*, 508 U.S. 979 (1993). A knowing and voluntary waiver of the statutory right to collaterally attack a conviction or sentence is enforceable. *Id.*; *United States v. Jackson*, 21 F.4th 1205, 1216 (9th Cir. 2022). However, a plea agreement must expressly state that the right to bring a § 2255 motion is waived in

order for the waiver to be valid. *United States v. Pruitt*, 32 F.3d 431 (9th Cir. 1994). The scope of such a waiver is demonstrated by the express language of the plea agreement. *United States v. Anglin*, 215 F.3d 1064, 1068 (9th Cir. 2000). Nevertheless, even an express waiver may not bar an ineffective assistance of counsel claim challenging the knowing and voluntary nature of the plea agreement or the voluntariness of the waiver itself. *United States v. Jeronimo*, 398 F.3d 1149, 1156 n.4 (9th Cir. 2005) *overruled on other grounds by United States v. Jacobo Castillo*, 496 F.3d 947, 957 (9th Cir. 2007).

The Plea Agreement here provided that Keefer "waive[d] any right to appeal or collaterally attack the entry of the plea, the conviction, the entry of judgment, and the sentence" except on ineffective assistance of counsel grounds and that any such appeal or collateral attack would result in dismissal. *Plea Agreement*, Crim. Dkt. 23 at 9-10. As relevant here, it specifically provided that Keefer waived the right to challenge the constitutionality of the statute of conviction. *Id*. at 9. The Plea Agreement was signed by Keefer and his counsel. *Id*. at 14. Following the change of plea hearing, the Magistrate Judge found that Keefer had entered the plea "voluntarily and with full knowledge of the consequences" and recommended that this Court accept his plea. *Report and Recommendation*, Crim. Dkt. 28 at 1, 2. The Court did so after neither party objected within 14 days. *Order*, Crim. Dkt. 29.

**MEMORANDUM DECISION AND ORDER - 5**

The provision in the Plea Agreement constitutes an express and unambiguous waiver of the right to bring a § 2255 motion other than on the grounds of ineffective assistance of counsel, and the record indicates that Keefer entered into the Plea Agreement knowingly and voluntarily. *See United States v. Harris*, 628 F.3d 1203,1205 (9th Cir. 2011). He does not allege otherwise. Nor does he allege ineffective assistance of counsel during the plea stage. Accordingly, Keefer's § 2255 Motion is subject to dismissal on the ground of waiver.

### B. Failure to Raise Issue on Direct Appeal

Next, the Government urges dismissal based on the general rule that claims not raised at trial or on direct appeal "may not be raised on collateral review." *See Massaro v. United States*, 538 U.S. 500, 504 (2003). Noting that the *Bruen* decision was issued on June 23, 2022, after Keefer entered his plea but before he was sentenced, the Government argues that Keefer "had every opportunity to challenge the statute or to file a direct appeal." *Mot. to Dismiss*, Civ. Dkt. 3 at 6.

Because Keefer did not file an appeal, he has procedurally defaulted and cannot pursue collateral relief absent a showing of cause and prejudice or actual innocence. *See Bousley v. United States*, 523 U.S. 614, 621-24 (1998). He has not made such a showing.

The Court notes that the waiver discussed above also applied to direct appeals. Challenging the statute of conviction would not have fallen within the

**MEMORANDUM DECISION AND ORDER - 6**

exceptions to that waiver.[1] Furthermore, the Plea Agreement specifically precluded challenging the constitutionality of the statute of conviction. Any appeal would likely have been dismissed based on the waiver. However, futility cannot constitute cause. *Bousley*, 523 U.S. at 623.

## C. Denial on the Merits

As the Government states, *Bruen* held that the Second Amendment protects the right of "ordinary, law- abiding citizens" to "carry a handgun for self-defense outside the home." *Bruen*, 597 U.S. at 10. Keefer claims that lower courts have since interpreted *Bruen* to find that the § 922(g)(1) felon in possession statute is unconstitutional. He relies on *Range v. Attorney General of the United States*, 69 F.4th 96 (3rd Cir. 2023), and *United States v. Bullock*, 2023 WL 4232309 (S.D. Miss. June 28, 2023). These cases are inapt for the reasons discussed below, are

---

[1] The Plea Agreement provided for one direct appeal "if one of the following unusual circumstances occurs:

    a.    the sentence imposed by the Court exceeds the statutory maximum;

    b.    the Court arrived at an advisory sentencing guidelines range by applying an upward departure under chapter 5K of the relevant sentencing guideline manual; or

    c.    the Court exercised its discretion under 18 U.S.C. § 3553(a) to impose a sentence that exceeds the advisory sentencing guidelines range as determined by the Court.

*Plea Agreement* at 8, Crim. Dkt. 23.

**MEMORANDUM DECISION AND ORDER - 7**

not binding in the Ninth Circuit, and are contrary to the vast majority of cases addressing the issue.

In *District of Columbia v. Heller*, the Supreme Court recognized an individual right under the Second Amendment to keep and bear arms with the explicit limitation that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons ...." 554 U.S. 570, 626 (2008). The Court went on to describe regulations prohibiting felons from possessing firearms as "presumptively lawful," *id*. at 626 n.26, and explained that "there will be time enough to expound upon the historical justifications" for such a prohibition. *Id*. at 635. *See also McDonald v. Chicago*, 561 U.S. 742, 786 (2010) ("We made it clear in *Heller* that our holding did not cast doubt on such longstanding regulatory measures as prohibitions on the possession of firearms by felons ...."). Relying on *Heller*, courts of appeals, including the Ninth Circuit, have uniformly upheld the constitutionality of § 922(g)(1). *See Van Der Hule v. Holder*, 759 F.3d 1043, 1051 (9th Cir. 2014) ("§ 922(g)(1) continues to pass constitutional muster"); *United States v. Vongxay*, 594 F.3d 1111, 1118 (9th Cir. 2010) ("§ 922(g)(1) does not violate the Second Amendment as it applies to Vongxay, a convicted felon").

Unless that Ninth Circuit precedent is overruled, it binds this Court and requires the denial of Keefer's Motion. Ninth Circuit precedent is "effectively

MEMORANDUM DECISION AND ORDER - 8

overruled" when "the reasoning or theory of our prior circuit authority is clearly irreconcilable with the reasoning or theory of intervening higher authority." *Miller v. Gammie*, 335 F.3d 889, 890, 893 (9th Cir. 2003) (en banc), *overruled on different grounds as recognized in Hernandez v. Garland*, 47 F. 4th 908, 910 (9th Cir. 2022). "The clearly irreconcilable requirement is a high standard." *Close v. Sotheby's, Inc.*, 894 F.3d 1061,1073 (9th Cir. 2018) (quotation omitted). "[I]t is not enough for there to be some tension between the intervening higher authority and prior circuit precedent, or for the intervening higher authority to cast doubt on the prior circuit precedent." *Id*. (quotation omitted).

The present motion therefore hinges on whether *Bruen* "effectively overruled" *Heller* and *Vongxay*. At least five justices indicated their explicit intent to the contrary. Justice Kavanaugh, joined by Chief Justice Roberts, wrote a concurring opinion to "underscore" that *Bruen* did not upset the Court's holdings in *Heller* that "[n]othing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons." *Bruen*, 597 U.S. at 79-81 (quoting *Heller*, 554 U.S. at 626-27). In dissent, Justice Breyer, joined by Justices Kagan and Sotomayor, wrote that *Bruen* "cast[s] no doubt on" *Heller*'s treatment of laws prohibiting firearms possession by felons. *Id*. at 129 (Breyer, J., dissenting). Although the majority opinion did not address the issue specifically, it did say that its holding was "in keeping with *Heller*." *Id*. at 17. Therefore, the

**MEMORANDUM DECISION AND ORDER - 9**

Court concludes that *Bruen* did not effectively overrule *Heller* and, by extension, *Vongxay*.

In an analogous case, decided as recently as eight months ago, the Ninth Circuit, in an appeal from this Court, rejected a *Bruen* challenge to the application of USSG § 2D1.1(b)(1) which provides for a 2-level enhancement if a firearm is possessed in connection with a drug trafficking offense "unless it is clearly improbable that the weapon was connected with the offense." *United States v. Alaniz*, 69 F.4th 1124, 1130 (9th Cir. 2023).

Even more recently, the District Court of Alaska noted, "Since *Bruen*, every district court within the Ninth Circuit has . . . upheld the constitutionality of § 922(g)(1). While the Ninth Circuit has yet to weigh in, of those circuits that have directly decided the issue, the Fifth, Seventh, Eighth, and Tenth Circuits also have upheld § 922(g)(1)." *United States v. Roberts*, 2024 WL 50889 at *6 (D. Alaska January 4, 2024). Among those district court decisions are several of this Court. *See, e.g., United States v. Wondra*, 2022 WL 17975985 (D. Idaho Dec. 27, 2022) and *United States v. Siddoway*, 2022 WL 4482739 (D. Idaho Sept. 27, 2022).

Interestingly, the court in *Roberts* discusses the *Range* case that is the basis for Keefer's argument that § 922(g)(1) is unconstitutional. *Roberts* noted that only the Third Circuit has found the statute unconstitutional and further noting that the finding was a "narrow" one limited to the situation where the defendant was

**MEMORANDUM DECISION AND ORDER - 10**

convicted of a "nonviolent, non-dangerous misdemeanor" and sentenced to probation. *Id*. at *7. Characterizing *Range* as an "outlier among appellate courts," the court noted that "both appellate and district courts have declined to follow it." *Id*. (citations omitted). Furthermore, a Third Circuit decision is not controlling within the Ninth Circuit.

Keefer also relies on a district court case from the Southern District of Mississippi. It is likewise not controlling in the Ninth Circuit. In *Bullock*, the court, in a lengthy decision, addressed a post-*Bruen* as applied challenge to the constitutionality of § 922(g)(1) and granted the defendant's motion to dismiss the indictment. *United States v. Bullock*, ___ F.Supp.3d ___, 2023 WL 4232309 at *31 (S.D. Miss. June 28, 2023). The court found that the government had not met its burden of proving that § 922(g)(1) as applied to Bullock was historically supported as required by *Bruen*. The factual backdrop against which *Bullock* was decided is distinguishable.

Bullock had been convicted of aggravated assault and manslaughter that had occurred when he was 31 years old and had served 15-16 months in state prison. In 2018, 26 years later, a § 922(g)(1) charge was filed against him. The firearm in question was "kept in the sanctity of his home." *Id*. at 1-2. For a variety of reasons, his case had not yet proceeded to trial when he filed his motion to dismiss in

**MEMORANDUM DECISION AND ORDER - 11**

August of 2022. *Id*. at 3. He was out on an unsecured bond without incident the entire time the case was pending having not been deemed a danger to anyone. *Id*.

Here, Keefer was not an "ordinary, law-abiding citizen" who was prohibited from possessing a firearm for self-defense. Nor was he convicted of a non-violent misdemeanor. Rather, the prohibition arose due to his felony controlled substance conviction, and at the time of his arrest in this case, he was in possession of drugs, a loaded firearm, and two loaded magazines. As the Government notes, Keefer had been convicted of several felony offenses including forgery in 1999, possession of a controlled substance in 2016, and possession of a controlled substance in 2019. "[F]elons are categorically different from the individuals who have a [Second Amendment] right to bear arms." *Vongxay*, 594 F.3d at 1115.

## CONCLUSION

Keefer's § 2255 Motion is subject to dismissal on the grounds of waiver and failure to raise the issue on appeal. Even if it were not, it is subject to dismissal on the merits. *Bruen* did not invalidate or render any federal statutes unconstitutional, including 18 U.S.C. § 922(g)(1). Accordingly, it is subject to dismissal under Rule 4(b) of the Rules Governing Section 2255 Proceedings as plainly appears from the Motion and the record that Keefer is not entitled to relief.

**MEMORANDUM DECISION AND ORDER - 12**

## CERTIFICATE OF APPEALABILITY

The Court will deny a certificate of appealability. The standard to obtain review is lower than that required for a petitioner to succeed on the merits of his petition. *Lambright v. Stewart*, 220 F.3d 1022, 1024-25 (9th Cir. 2000). To satisfy this lower standard when the court has denied a § 2255 motion, a petitioner must show reasonable minds could debate over the resolution of the issues or that questions raised in the petition deserve further review. *Allen v. Ornoski*, 435 F.3d 946, 951 (9th Cir. 2006).

Having reviewed the record in this case, the Court finds that reasonable jurists would not find its determinations regarding Case's claims to be debatable or deserving of further review. Accordingly, the Court will not issue a certificate of appealability as to any issue raised in the § 2255 motion.

## ORDER

IT IS HEREBY ORDERED that:

1. The Government's Motion to Dismiss (Civ. Dkt. 3) is **GRANTED**.

2. Donald Randall Keefer's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Crim. Dkt. 49 in Case No. 3:22-cr-00081-BLW and Civ. Dkt. 1 in Civ. Case No. 3:23-cv-00382-BLW) is **DISMISSED**.

3. No Certificate of Appealability shall issue. If Keefer wishes to proceed to the United States Court of Appeals for the Ninth Circuit, he must file a notice of appeal in this Court within thirty days after entry of this Order, and he must seek a Certificate of Appealability from the United States Court of Appeals for the Ninth Circuit in accordance with Federal Rule of Appellate Procedure 22(b)(2).

4. If Keefer files a timely notice of appeal, and not until such time, the Clerk of Court shall forward a copy of the notice of appeal, together with this Order, to the Ninth Circuit Court of Appeals.

DATED: March 4, 2024

B. Lynn Winmill
U.S. District Court Judge